It will be ordered that the case in all things be affirmed.

---

CRAVEN LUMBER CO. v. ALLEN et al.

(Court of Civil Appeals of Texas. Jan. 26, 1911.)

TRESPASS (§ 46*)—ACTION BY VENDOR—EVIDENCE.

In an action to foreclose a vendor's lien and to recover damages against a third person for a trespass impairing the security of the lien, evidence *held* insufficient to support the verdict against the third person.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 123–127; Dec. Dig. § 46.*]

Appeal from District Court, Panola County; W. C. Buford, Judge.

Action by Bettie Chadwick and others who were substituted for her as plaintiffs on her death against S. M. Houston, M. J. Booth, and the Craven Lumber Company. From a judgment for plaintiffs against the last-named defendant, it appeals. Reversed and remanded.

Bennett Hill and Albert W. Webb, for appellant. H. N. Nelson, for appellees.

HODGES, J. On January 9, 1907, Mrs. Bettie Chadwick, joined by her husband, Daniel Chadwick, filed suit in the district court of Panola county asking for judgment against S. M. Houston for the balance due on certain promissory notes given as the purchase money for a tract of land described in the petition, and upon which the plaintiff claimed a vendor's lien. Recovery was also sought in the same action against M. J. Booth and the appellant, the Craven Lumber Company, for the value of 300,000 feet of timber, which it is alleged they cut and carried away from the premises upon which the above-mentioned lien existed. During the pendency of the suit Mrs. Chadwick died, and it was prosecuted by those who succeeded to her rights. Separate answers were filed by Booth and the Craven Lumber Company. The latter demurred generally and specially to the amended original petition, specially denied the charge of conversion, and made other defenses not necessary here to notice.

It seems that the case had been continued at several previous terms of the court. At the time it was tried and the judgment rendered from which this appeal is prosecuted, the attorney for appellant, the Craven Lumber Company, was absent, his demurrers were not called to the attention of the court, and no testimony was offered in behalf of that defendant. The case appears to have been reached and called for trial in regular order, and the absence of appellant's attorney is explained by his ignorance of the fact that the case had been set for a particular day. The court heard evidence offered by the plaintiffs, and instructed the jury upon the issues presented. A verdict was returned in favor of the plaintiffs against all the defendants. That against the appellant was for $300 for the conversion of timber. The Craven Lumber Company alone has appealed.

The only assignment of error which we deem it necessary to consider is that which questions the sufficiency of the evidence to sustain the verdict. Appellant's liability depends upon whether it was responsible for damaging the security held by the appellees for the payment of the vendor's lien notes before referred to. The evidence relied upon to show this consisted of the testimony of witnesses who stated that 300,000 feet of timber had been cut from the land by Houston, the original vendee, presumably while he owned it, and that this had been sawed into lumber and some of it delivered to the appellant. How much appellant received is not shown. Nor was it proved by testimony which we regard as satisfactory that any of the lumber ever went into the possession

of the appellant. However, we do not wish to be understood as here holding that, even if it be shown that some or all of the lumber had been sold to appellant, it would for that reason alone be liable for a conversion. That question will remain open till presented upon a more complete record.

As it is, we do not think the evidence is sufficient to sustain a verdict rendered against the appellant, and the judgment will be reversed and the cause remanded.